**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DEANNA KAY DUGGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-CV-88-ACL |
| | ) | |
| JAY'S CORNER STORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On June 29, 2022, self-represented plaintiff filed the instant employment discrimination action against defendants Jay's Corner Store, Madhu Kikani, and Jenkin Kikani pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ECF No. 1.

On July 8, 2022, the Court issued a Show Cause Order directing plaintiff to (1) submit a written response showing cause for why this action should not be dismissed as untimely;[1] and (2) file a copy of her Equal Opportunity Commission ("EEOC") Charge of Discrimination. As to the Charge of Discrimination, the Court explained:

> Without a copy of her EEOC charge of discrimination, the Court cannot ascertain whether plaintiff has exhausted her administrative remedies as to the claims she now brings before the Court. The ADA requires an administrative claim be filed and resolved prior to bring a judicial action on the same claim. 29 U.S.C. §§ 621-634; *Randolph v. Rodgers*, 253 F.3d 342, 347 n. 8 (8th Cir. 2001); *Habib-Stevens v. Trans States Airlines*, 229 F.Supp.2d. 945, 946 (E.D.Mo. 2002); *Hunter v. St. Anthony's Physician Organization, et. al.*, 2012 WL 1468506, *3 (E.D. Mo. April 27, 2012). In other words, the claims plaintiff asserts in the instant federal complaint must be like or reasonably related to the claims outlined in her charge of

---

[1] Plaintiff's Notice of Right-to-Sue letter submitted with her complaint was dated November 16, 2021. ECF No. 1-1. The Notice indicated she had 90 days to file a lawsuit in federal court if she wished to do so. Presuming plaintiff receiving the Notice three days later on November 19, 2021, she had until February 17, 2022 to bring a federal action based on her charge of discrimination. Plaintiff, however, filed this action more than four months later on June 29, 2022.

> discrimination, or they will be subject to dismissal for failure to exhaust administrative remedies. *See Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

ECF No. 5 at 2, n. 1. Timely filing a Charge of Discrimination with the EEOC or with the State or local agency is a precondition to suit under Title VII and the ADA. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA has adopted Title VII's enforcement procedures).

On July 18, 2022, plaintiff submitted a one-page handwritten response to the Show Cause Order, stating she did not receive her Notice of Right-to-Sue letter until May 27, 2022 via email. ECF No. 6. She did not, however, file her Charge of Discrimination with her response. On August 16, 2022, the Court issued an Order providing her "with one final opportunity to comply with the Court's July 8, 2022 Order" which directed her to "submit a complete copy of her EEOC Charge of Discrimination."

Plaintiff had twenty-one days from the date of the Order, or September 6, 2022, to file her Charge of Discrimination. To date, she has not complied, nor has she requested additional time to do so. The Court gave plaintiff meaningful notice of what was expected, provided detailed instructions on why her Charge of Discrimination must be filed, cautioned her that her case would be dismissed if she failed to timely comply, and gave her additional time. Therefore, this action will be dismissed without prejudice for failure to comply with the Court's Order and failure to prosecute her case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of September, 2022.

                                              STEPHEN N. LIMBAUGH, JR.
                                              SENIOR UNITED STATES DISTRICT JUDGE